# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRANDON KALE HARRIS,

    Petitioner

v.

BRIAN E. WILLIAMS, et al.,

    Respondents

2:16-cv-01305-JAD-CWH

**Order Denying Motion to Discharge Counsel**

ECF No. 17

In this habeas corpus action, the petitioner, Brandon Kale Harris, filed a counseled amended habeas petition on February 24, 2017.[1] The respondents are due to respond to the amended petition by July 25, 2017.[2]

On April 19, 2017, Harris filed a *pro se* "Motion to Withdraw Counsel" (ECF No. 17), requesting that his appointed counsel—an Assistant Federal Public Defender from the office of the Federal Public Defender for the District of Nevada (FPD)—be discharged, and that he either be appointed new counsel or be allowed to proceed *pro se*. Harris complains, primarily, that his attorney included only one claim (of the several Harris believes he has) in his amended petition. Neither respondents nor Harris's counsel responded to the motion.

Harris does not have a right to self-representation in this federal habeas corpus action,[3] and Harris has articulated no reason why he would be better served representing himself. On the contrary, reviewing the record in this case, I find that Harris would likely be prejudiced if his

---

[1] ECF No. 12.

[2] *See* Order entered April 27, 2017, ECF No. 19.

[3] *See Martinez v. Court of Appeals of California*, 528 U.S. 152 (2000) (holding that the right to represent oneself at trial pursuant to *Faretta v. California*, 422 U.S. 806 (1975), does not extend to appellate proceedings); *Tamalini v. Stewart*, 249 F.3d 895, 901-02 (9th Cir. 2001).

counsel were discharged and he were left to represent himself.

With respect to his alternative request to be appointed counsel other than the AFPD who is now representing him, Harris has made no showing that appointment of a different court-appointed attorney is warranted. His lawyer's decision to narrow his petition down to one claim is a matter of professional judgment, and is not necessarily a valid ground for substitution of counsel. Harris is not entitled to the appointed counsel of his own choosing. Harris does not describe any conflict between himself and his counsel of the sort that would warrant discharge or substitution of his counsel. I therefore deny Harris's motion.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Withdraw Counsel **(ECF No. 17) is DENIED**.

DATED: May 31, 2017

_____
Jennifer A. Dorsey
United States District Judge

2