UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Brandon Kale Harris,<br><br>    Petitioner<br><br>v.<br><br>Brian E. Williams, et al.,<br><br>    Respondents | 2:16-cv-01305-JAD-CWH<br><br>**Order Granting Motion to Dismiss and Dismissing Case**<br><br>[ECF No. 22] |

Nevada-state prisoner Brandon Kale Harris was sentenced on October 25, 2010,[1] to serve 5–15 years in prison with lifelong post-release supervision (suspended), and he was placed on a five-year probation after he pled guilty to one count of attempted lewdness with a minor under the age of 14. The judgment of conviction was entered on November 8, 2010,[2] and Harris never appealed it. Harris's probation was revoked in April 2011 after he was arrested and charged with drinking in a public place, resisting a public officer, and failure of a convicted person to register,[3] so his jail-time-and-supervised-release sentence was reinstated.[4] Harris appealed the reinstatement, and the Nevada Supreme Court affirmed it on May 9, 2012.[5]

More than a year later, Harris filed a state-court habeas petition that was denied; the Nevada Supreme Court affirmed the denial on May 13, 2014, because

---

[1] ECF No. 4 at 1.

[2] ECF No. 13-7.

[3] ECF Nos. 13-15, 13-16, 13-17.

[4] ECF No. 13-19.

[5] ECF No. 14-2.

the state-court petition was untimely.[6] After two more years of failed attempts to modify his sentence, Harris filed a pro se petition for a writ of habeas corpus on June 13, 2016.[7] He was appointed counsel, and Harris's counseled, first-amended petition was filed on February 24, 2017.[8] The respondents move to dismiss it, arguing that the petition is barred by the statute of limitations.[9] I agree that Harris's claim is too late, so I grant the motion and dismiss this case.

## Discussion

### A. Statute of limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, included a one-year statute of limitations for federal habeas petitions challenging state convictions or sentences.[10] On these facts, the statute begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"—whichever is later.[11] The Nevada Supreme Court affirmed Harris's amended judgment of conviction on May 9, 2012, and Harris had 90 days to file a petition for a writ of certiorari with the United States Supreme Court,[12] making August 7, 2012, the date on which the statute of limitations began to run. The statute of limitations therefore expired—absent any tolling—on August 7, 2013.

Harris filed a petition for writ of habeas corpus in the state district court on

---

[6] ECF No. 14-14.

[7] ECF No. 1.

[8] ECF No. 12.

[9] ECF No. 22.

[10] 28 U.S.C. § 2244(d)(1) (2012).

[11] 28 U.S.C. § 2244(d)(1)(A) (2012).

[12] *See* Supreme Court Rule 13.

June 26, 2013.[13] The AEDPA statute of limitations is tolled while "a properly filed application for state post-conviction or other collateral relief is pending."[14] Harris's state-court habeas petition was not a "properly filed application," however, because it was barred by the state-law statute of limitations.[15] So his state-court petition did not toll his federal statute of limitations, and his period to file expired on August 7, 2013—nearly three years before he filed this petition.

Harris argues that he is entitled to statutory tolling from November 8, 2010, the date on which his original judgment of conviction was filed, to May 20, 2016, the date on which the state district court denied a motion to withdraw guilty plea that Harris had filed on March 2, 2016.[16] This argument is specious. Even if Harris's March 2, 2016, motion to withdraw guilty plea is considered properly filed—which is a generous assumption[17]—any conceivable statutory tolling attributable to that motion would not have begun until it was filed,[18] which was already two and a half years after the AEDPA limitations period expired.

Harris also makes a somewhat *pro forma* argument that he is entitled to equitable tolling because he "is a lay person and unskilled in the law," "was unaware that there is a one-year statute of limitations for the filing of federal

---

[13] *See* ECF No. 14-4.

[14] 28 U.S.C. § 2244(d)(2) (2012).

[15] *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

[16] ECF Nos. 23 at 2–3; ECF No. 16-2; ECF No. 16-16.

[17] *See* ECF No. 16-16 at 3 ("[T]he Court finds this motion is inappropriate after Deft. has been sentenced . . . .")

[18] *See Raspberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. White*, 276 F.3d 478, 482 (9th Cir. 2001); *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999).

habeas corpus petitions," and was diligent in pursuing his rights.[19]  A habeas corpus petitioner is entitled to equitable tolling if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[20]  Harris's argument for equitable tolling is meritless.  A *pro se* petitioner's "lack of legal sophistication" or "ignorance of the law" is not an extraordinary circumstance warranting equitable tolling.[21]

Harris's action comes three years too late, so it is barred by the statute of limitations.  Because I grant the motion to dismiss on statute-of-limitations grounds, I do not reach respondents' failure-to-exhaust argument.  I also deny Harris a certificate of appealability because no reasonable jurist could find my decision to dismiss this three-years-expired case to be debatable or wrong.[22]

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that respondents' Motion to Dismiss First Amended Petition for Writ of Habeas **Corpus [ECF No. 22]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Harris is **DENIED** a certificate of appealability.

The Clerk of Court is ordered to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

DATED: October 27, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[19] ECF No. 23 at 4.

[20] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418).

[21] *Rasberry*, 448 F.3d at 1154.

[22] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000); 28 U.S.C. § 2253(c) (2012).